930 F.2d 38
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MEDICAL INNOVATIONS CORPORATION, Plaintiff-Appellee,
v.
Jeremiah B. RAY, Defendant-Appellant.
 No. 90-1193.
 United States Court of Appeals, Federal Circuit.
 March 19, 1991.
Rehearing Denied April 16, 1991.
 
 Before NIES, Chief Judge, and NEWMAN and LOURIE, Circuit Judges.
 NIES, Chief Judge.
 
 DECISION
 
 1
 Jeremiah B. Ray appeals from the summary judgment entered by the United States District Court for the Northern District of California, Medical Innovations Corp. v. Ray, No. C-89-2246-WWS (Nov. 6, 1989) (Schwarzer, J.), declaring that Medical Innovations Corporation's (MIC's) accused devices do not infringe independent claims 1, 7 and 8 of Ray's U.S. Patent No. 4,516,968 ('968) and dismissing the remaining claims and counterclaims as moot. We affirm.
 
 OPINION
 
 2
 The grant of summary judgment under Fed.R.Civ.P. 56, is appropriate in a patent case, as in other cases, where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. See Townsend Eng'g Co. v. HiTec Co., 829 F.2d 1086, 1089, 4 USPQ2d 1136, 1138 (Fed.Cir.1987). To establish infringement of a patent, every limitation set forth in a claim must be found in an accused product or process exactly or by a substantial equivalent. Corning Glass Works v. Sumitomo Elec. U.S.A., Inc., 868 F.2d 1251, 1259, 9 USPQ2d 1962, 1967 (Fed.Cir.1989). The dispute herein centers on the following limitations within Claim 1:
 
 
 3
 [A] catheter anchor means and a catheter shield comprising a relatively stiff shield dome defining a shield cavity, a peripheral shield flange extending at least partially around said shield dome, and a catheter shield hole ...
 
 
 4
 (emphasis added). The patent's method claims, 7 and 8, also require the dome structure.[1] The district court held that the accused devices do not meet the "dome" and "flange" limitations exactly or by equivalents and, thus, were not infringements.
 
 Factual Dispute
 
 5
 Both parties filed motions for summary judgment. The district court stated in its opinion, and Ray does not dispute, that "[a]t a status conference ... counsel agreed that no facts material to the issue of infringement remained in dispute and that this issue was ripe for decision...." Medical Innovations, slip op. at 2. Nonetheless, in his opening brief before this court, Ray makes the conclusory statement that "at the very least, he has raised a genuine issue regarding each material fact the district court relied upon" for its non-infringement determination. Ray's Opening Brief at 3 n. 6. This court has held in Chemical Eng'g v. Essef Indus., Inc., 795 F.2d 1565, 1571, 230 USPQ 385, 390 (1986) that:
 
 
 6
 [g]eneral assertions of fact issues, general denials, and conclusory statements are insufficient to shoulder the non-movant's burden.
 
 
 7
 Having agreed there were no fact issues, and pointing to no evidentiary conflict on a material issue of fact, the issue herein is limited to whether the district court's determination was correct as a matter of law.
 
 Claim Interpretation
 
 8
 Ray's primary legal argument is that the district court erroneously interpreted the dome structure element in claims 1, 7 and 8. In essence, Ray contends that the claim should be interpreted in light of the alleged infringing device which its experts testified infringed. However, claim interpretation and reading the claims on an accused device are separate and distinct inquiries. SSIH Equipment S.A. v. U.S. Int'l Trade Commission, 718 F.2d 365, 376, 218 USPQ 678, 688 (Fed.Cir.1983).
 
 
 9
 Though "patent law allows the inventor to be his own lexicographer," Autogiro Co. of America v. United States, 384 F.2d 391, 397, 155 USPQ 697, 702 (Ct.Cl.1967), "[w]ords in a claim 'will be given their ordinary and accustomed meaning, unless it appears that the inventor used them differently.' " Envirotech Corp. v. Al George, Inc., 730 F.2d 753, 759, 221 USPQ 473, 477 (Fed.Cir.1984) (quoting Universal Oil Prods. Co. v. Globe Oil & Refining Co., 137 F.2d 3, 6, 54 USPQ 504 (7th Cir.1943), aff'd, 322 U.S. 471 (1944)). Nothing in the specification, including the figures, suggests that Ray intended to use the words of the phrase "dome defining a ... cavity" in any way other than in their normal and accustomed meaning. The words describe the structure disclosed, namely, a structure that encloses space above the stoma. Moreover, the claim requires a peripheral flange which partially encircles the dome. As indicated by the specification, the claim describes and was intended to describe a structure that resembles a brimmed hat.
 
 
 10
 As evidence of a contrary claim interpretation, Ray relies on the testimony of two declarants who labelled parts of the alleged infringing device as a "dome" and a "flange." Characterization of parts of MIC's device is not evidence of the meaning of the claim. As stated in SRI Int'l v. Matsushita Electric Corp. of America, 775 F.2d 1107, 1120, 227 USPQ 577, 584 (Fed.Cir.1985), "A claim is construed in light of the claim language, the other claims, the prior art, the prosecution history, and the specification, not in light of the accused device."
 
 
 11
 The structure in MIC's device, which Ray asserts meets the dome and flange limitations of the claim, consists of a flat circular surface standing on six legs. Properly interpreted, Ray's claim language describing a "shield dome defining a shield cavity" and "a peripheral shield flange extending at least partially around said shield dome" does not read on the structure of the MIC device which contains either no shield cavity or no flange. There is no literal infringement.
 
 
 12
 In determining whether structure within the accused device is an equivalent of the structure required by the patent in suit, the court must consider the purpose and function of those parts. Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605, 608 (1950). The enclosed dome structure protects the catheter entrance site from the environment, e.g., from entry of foreign matter, keeping it clean, dry and sanitary. It also creates a discrete reservoir for medicine which would be "held in place around the entrance site" even if optional airholes were to be added. MIC's legged shield does not perform such functions. As stated by MIC's expert, the structure serves the entirely different function of providing superior ventilation of the stoma site. No evidence is to the contrary. That MIC's device and Ray's claimed invention may be equivalent in other respects--both structures, per Ray, use tension to urge and hold the catheter shield snugly against the patient's body--does not overcome the lack of equivalence in the parts of the structures that are different. As the district court concluded, the devices provide alternatives in patient care.
 
 
 
 [1]
 Specifically, Claims 7 and 8 each state that the catheter shield consists of, in pertinent part, "a relatively stiff dome defining a cavity...."