**ATHLETIC ALTERNATIVES, INC., Plaintiff,**

v.

**PRINCE MANUFACTURING, INC., et al., Defendants.**

**Nos. CIV–92–176–PHX–RGS, CIV–93–765–PHX–RGS.**

United States District Court, D. Arizona.

June 26, 1994.

McRoberts, Phoenix, AZ, Robert B. Smith, Richard A. Weiss, Cecilia O'Brien Lofters, White & Case, New York City, for Prince Manufacturing, Inc.

## ORDER

STRAND, District Judge.

### Background

Plaintiff, Athletic Alternatives, Inc., brought this patent infringement action alleging that the Prince Vortex tennis racquet infringes on Plaintiff's patented string system.[1] Plaintiff designs athletic products, including string systems for tennis rackets. Defendant, Prince Manufacturing, Inc., manufactures and distributes tennis rackets. In February of 1990, the parties began collaboration to develop a tennis racquet with a new string system for which Plaintiff had applied for a patent. That patent, U.S. Patent No. 5,037,097 (the "AAI patent"), was later granted. The parties entered a confidential relationship with a written "secrecy agreement," exchanged products and ideas, and tested prototypes. The parties failed, however, to reach a license agreement. In January of 1991, Defendant abandoned Plaintiff's prototype string system in favor of a Taiwanese string system and, in February of 1991, Defendant introduced its new Vortex racquet. Plaintiff then brought this patent infringement action. Defendant seeks summary judgment (doc. # 18). For the following reasons the Court finds that the string system employed in Defendant's Vortex racket does not infringe on the string system covered by Plaintiff's patent.

### Literal Infringement

■ In order for there to be literal infringement, "the accused device [must] embody every element of the patent claim." *Mannesmann Demag Corp. v. Engineered Metal Products,* 793 F.2d 1279 (Fed.Cir. 1986). The court's first job is to determine the scope of the claim. *Id.* at 1282; *see also Envirotech Corp. v. Al George, Inc.,* 730 F.2d 753, 759 (Fed.Cir.1984). Then, the court

---

Steven D. Copple, Scott E. Boehm, Robert S. Murphy, Copple Chamberlin & Boehm P.C., Phoenix, AZ, for Athletic Alternatives, Inc.

Stephen M. Dichter, Mark I. Harrison, George Vice, III, Bryan Cave McPheeters &

1. Plaintiff's complaint also alleged trade secret infringement, but the Court dismissed that claim on September 29, 1992.

must determine whether the claim encompasses the accused device. *Mannesmann*, 793 F.2d at 1282; *see also Envirotech*, 730 F.2d at 759.

■ Words in a claim "will be given their ordinary and accustomed meaning, unless it appears that the inventor used them differently." *Envirotech*, 730 F.2d at 759. In order to resolve a dispute as to the interpretation of a claim, the court may consider the specification, the prosecution history, and the other claims in the patent. *Mannesmann*, 793 F.2d at 1282.

■ Plaintiff claims that the Vortex racket infringe Claim 1 of the AAI Patent. Plaintiff argues that the relevant language of Claim 1 is as follows:

We claim:

1.  A sports racket

    .    .    .    .    .

    where at least said first ends of at least said first plurality of strings segments are secured to said frame at a distance $d_i$, where $d_i$ is the perpendicular distance between the central plane and the location on said frame to which the ith string is secured, i designating the order of the ith string end in the sequence of adjacent first string ends of said first plurality of string segments, the distance $d_i$ being alternatively measured in opposite directions from said central plane, and **where said distance $d_i$ varies between minimum distances for the first and last string ends in said sequence and a maximum distance for a string end between first and last string ends in said sequence.** (emphasis added).

Although this is not the language used in the patent application, this is the language employed by Plaintiff in its "Revised Amendment Under 37 CFR 1.312" which was "entered as directed to matters of form not affecting the scope of the invention" on July 30, 1991. *See* Exhibit B, attached to Declaration of Robert B. Smith; *see also* Exhibit A, attached to Complaint. Plaintiff submits to the Court that this amendment "is as part of the patent as if it were incorporated into the double-columned type-set version itself." Response, p. 5, n. 2.

Defendant does not attempt to refute this in its reply but nonetheless insists that this is not the relevant patent language. As the Examiner stated, the revised amendment does not affect the scope of the invention; consequently, it is proper for the Court to consider the original language of the patent in order to help determine its scope, particularly in light of the fact that the revised amendment was submitted after Prince introduced the Vortex racket. The original language of Claim 1 read as follows:

> ... **where said distance $d_i$ varies between a minimum distance for the first and last string ends in said sequence and a maximum distances for a string end between said first and last string ends in said sequence.**

In short, Defendant argues that Patent Claim 1 encompasses a string system where there are more than two values for $d_i$. Because Defendant's racket only employs two values for $d_i$, Defendant contends that its racket does not literally infringe Plaintiff's patent. Plaintiff, on the other hand, argues that Patent Claim 1 does encompass a racket with two values for $d_i$ and therefore Defendant's racket literally infringes.

Plaintiff is correct that "varies" means "changes." However, the key language is that $d_i$ must change **between** a minimum and maximum distance. Webster's Third New International Dictionary defines "between" as "in an intermediate position in relation to two other objects." Thus, according to the plain language of Claim 1, $d_i$ must change at a point that is in an intermediate position in relation to the minimum distances for the first and last string ends and the maximum distance for a string end between the first and last string end. Consequently, there must be more than two values for $d_i$.

■ Plaintiff argues that under the doctrine of claim differentiation, Defendant's interpretation cannot be correct. The doctrine of claim differentiation provides that a broad claim will not be construed to contain a limitation expressed in a more narrow claim. Plaintiff calls to the Court's attention Claim 14 of the same patent, which provides:

We claim

. . . . .

14. A sports racket comprising:

. . . . .

wherein said distance $d_i$ perpendicularly from said plane of symmetry to the location the side portions of said frame to which an end of the ith lateral string is secured varies continuously between minimums as small as about zero for the ends of lateral strings near the tip and heel portions of said frame, and a maximum of up to about ½–inch for the ends of lateral string segments near the center of said side portions of said frame.

The Court agrees with Plaintiff that under the doctrine of claim differentiation, Claim 1 should not be construed to require $d_i$ to vary *continuously* between the minimum and maximum distances. However, Defendant's interpretation does not require this Court to construe Claim 1 as requiring continuous variation. Rather, Defendant's interpretation simply requires there be *some* variation between the minimum and maximum distances.

Plaintiff argues that it used the words "varies between" during the application process to only require a minimum and maximum distance and, therefore, this Court should consider this in interpreting the claim. In support of this argument, Plaintiff cites its Appeal Brief, in which it attempted to distinguish the Lewis patent by stating that the "shapes of the frame do not exhibit a maximum between two minima." Plaintiff's Appeal Brief under C.F.R. 1.192, p. 12, Exhibit B, attached to Smith Declaration. The Court does not find this language persuasive, as it is clear that Plaintiff is referring to the width of the frame and not to the positioning of the strings.

Finally, Plaintiff relies on some language that was present in a proposed amendment to the AAI Patent as support for its interpretation. On page 5 of Plaintiff's "Amendment Under CFR 1.312 and Comments on State of Reasons for Allowance" (*see* Exhibit B, attached to Declaration of Robert B. Smith) Plaintiff stated:

. . . Applicants, however, also wish to emphasize that while the specification and drawings show an exemplary stringing arrangement which exhibits a profile view having minimal distances $d_i$ for the string segments near the tip and the heel and a maximum t the center, it is only an example. In particular, claims are drafted to cover any profile exhibiting a maximum distance located anywhere between minimum distances at the beginning and end of a sequence. In particular, the maximum distance may be exhibited by one or more string ends, whose location is not necessarily in the center of the sequence of string ends.

The Court does not find this evidence persuasive because the amendment, which was filed after Prince introduced its Vortex racket, was disapproved by the Examiner on April 11, 1991. Consequently, the Court finds that Patent Claim 1 does not encompass a racket such as Defendant's that only employs two perpendicular distances between the central plane and the location on the frame where the strings are attached.

### The Doctrine of Equivalents

Plaintiff also claims infringement under the doctrine of equivalents. Under that doctrine, a device that lacks one of the elements of a claim can still be considered an infringing device if "it performs substantially the same function in substantially the same way to obtain the same result." *Graver Tank & Manufacturing Co. v. Linder Air Products Co.*, 339 U.S. 605, 608, 70 S.Ct. 854, 856, 94 L.Ed. 1097 (1950).

On a motion for summary judgment, the moving party must produce evidence establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The absence of a genuine issue of material fact may be demonstrated by pointing out to the district court, as Defendant has done, that "there is an absence of evidence to support the nonmoving party's case" on issues where the "nonmoving party bears the burden of proof." *Id.* at 325, 106 S.Ct. at 2554.

Plaintiff has the burden of proving infringement under the doctrine of equivalents.

Thus, it can withstand a motion for summary judgment only by making a showing sufficient to establish a genuine issue of fact regarding that element and a showing that the dispute properly may be resolved only by the fact-finder because it could reasonably be resolved in favor of either party. *Celotex Corp.*, 477 U.S. at 321, 106 S.Ct. at 2552–53; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■ In order to make such a showing, the Plaintiff must present *specific facts* in support of its contentions and must support these facts by proper evidentiary material, which when coupled with undisputed background and contextual facts, show that the factfinder could reasonably find in his favor; the non-moving party cannot merely rest on his pleadings. Fed.R.Civ.P. 56(e). *See also T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987) (citations omitted). On page 12 of its Response, Plaintiff states that "As can be seen from a comparison of Prince's Vortex promotional material with the AAI Patent and the Declaration of Gene Broadman, there is no question that ... the Vortex infringed Claim 1 under the doctrine of equivalents...." These materials do not contain any specific facts from which a factfinder could conclude that Defendant's racket "performs substantially the same function in substantially the same way to obtain the same result." The only evidence Plaintiff cites as to the function of the Vortex string system or the results obtained by it is a magazine ad for the racket which states:

Plus, its unique staggered string pattern puts the entire string bed into play, enhancing the sweet spot for more response, accuracy, spin and control.

Plaintiff's Patent claims that its invention provides a racket having superior characteristics "with respect to the racket being forgiving for not hitting the target in the so-called sweet spot of the stringed surface, both in terms of accuracy and velocity of play, as well as deleterious anatomical effect, such as tennis elbow." Although both string systems allegedly result in more accurate shots, the invention described in Plaintiff's

Patent claims to increase the velocity of shots as well as to reduce the magnitude of torque exerted. In its advertisement, Defendant does not claim that its racket accomplishes these results, but instead claims that its string system results in better response, spin and control. Thus, Plaintiff has failed to present evidence from which a factfinder could find that the string system on the Vortex racket performs "substantially the same function" or obtains the "same result" as the invention described in Plaintiff's Patent.

Furthermore, Plaintiff has failed to show that Defendant's string system performs in "substantially the same way" as Plaintiff's. Although Gene Broadman's affidavit describes generally the function of splayed string systems and the results obtained by their use, it does not address the characteristics of Defendant's string system. It does not address the issue of whether Defendant's string system, which employs only two perpendicular distances between the central plane and the location on the frame where the string is secured, works the same way as the invention described by Claim 1. Thus, Plaintiff has failed to meet its burden of showing that Defendant has infringed under the doctrine of equivalents and Defendants are entitled to summary judgment on this issue.

■ Defendant argues that even if Plaintiff has presented evidence sufficient to otherwise survive a claim of summary judgment, the doctrine of equivalents cannot be used to recapture claim coverage that was surrendered during the prosecution of the application in order to obtain a patent. This argument is referred to as "prosecution history estoppel" or "file wrapper estoppel." *Jonsson v. The Stanley Works*, 903 F.2d 812, 817 (Fed.Cir.1990); *Townsend Engineering Co. v. Hitec Co., Ltd.*, 829 F.2d 1086, 1090–92 (Fed.Cir.1987).

Defendant makes two arguments. First, Defendant argues that because Plaintiff cancelled its application Claim 1 and replaced it with new application Claim 20 [which later became Patent Claim 1, the claim now at issue], Plaintiff's Patent Claim 1 cannot be construed to include rackets with string sys-

tems such as the one Defendant's employs. Claim 1 of the application defined the string pattern as follows:

wherein at least some of said ends of said string segments are successively and alternatively secured to said frame at locations a distance $d_i$ in front of and behind said central plane.

This claim was rejected as unpatentable under prior art. In response to the Office Action, Plaintiff cancelled Claim 1 and replaced it with a claim that eventually became Patent Claim 1. In its remarks, Plaintiff stated:

Claim 1 has now been rewritten and is resubmitted as Claim 20 to positively recite the feature of the splay ($d_i$), varying between a minimum and a maximum for a series of adjacent parallel strings, to thus clearly distinguish over Lewis.

*See* Exhibit B, Response to Office Action dated May 19, 1989. Plaintiff explains that Lewis taught the *uniform* splaying of strings and, thus, Claim 20 was submitted to show that the Patent required *variable* splay. Plaintiff argues that Application Claim 20 did not limit how the splay varied; thus, Plaintiff did not surrender coverage of a string system such as Defendant's, which employs variable splay. The Court disagrees. Prosecution history estoppel prevents a party "from contending later in an infringement action that his claims should be interpreted as if limitations added by amendment were not present." *Townsend Engineering Co.,* 829 F.2d at 1090. As the Court has already explained, Claim 1 does require a certain manner of variance, i.e. there must be at least three values for $d_i$. Consequently, prosecution history estoppel precludes Plaintiff from trying to claim under the doctrine of equivalents a string system such as Defendant's which Plaintiff's patent was amended to exclude.

Defendant argues a second basis for prosecutorial history estoppel. At the time Plaintiff filed its appeal, application Claim 22 was offered. That Claim read as follows:

22. In a sports racket having a peripheral frame, handle, and a first and second plurality of strings extending in a first and second direction between opposed locations on said frame and interwoven to define a ball contact area in the central plane of said racket the improvement comprising that a part of the total number of the strings are secured to the frame alternately in front of and behind the central plane in a splayed configuration to improve playing characteristics of said racket.

Plaintiff argues that by cancelling this claim it was again showing it was not claiming the racket taught by Lewis. The Court agrees that all that can conclusively be said about Plaintiff dropping Claim 22 is that Plaintiff was distinguishing its string system from a string system with uniform splay.

### Conclusion

In conclusion, the Court finds that there is no issues of material fact with respect to the issues of infringement and as a matter of law Defendant's string system does not infringe on Claim 1 of the AAI patent. Furthermore, the Court concludes that Plaintiff has failed to sustain its burden of presenting specific facts that would support a finding of infringement under the doctrine of equivalents. Finally, even if Plaintiff was able to meet its burden, the doctrine of equivalents would not save Plaintiff in this case because under the doctrine of prosecution history estoppel, Plaintiff cannot recapture claim coverage that was surrendered during the prosecution of the application in order to obtain the patent.

### Defendant's Motion to Supplement the Record (doc. # 41)

After oral arguments were heard on Defendant's Motion for Summary Judgment, Defendant filed a Motion to Supplement the Record, in which Defendant requests the Court to consider a second patent, U.S. Patent No. 5,197,731 (which Defendant describes as a "continuation" of the patent at issue in this case). As was previously noted, in order to resolve a dispute as to the interpretation of a claim, the court may consider the specification, the prosecution history, and the other claims in the patent. *Mannesmann,* 793 F.2d at 1282. The "new" evidence Defendant wishes this Court to consider is not within the narrow categories of evidence a

court may consider in a patent infringement action. Therefore, the Court will not consider it.

Accordingly,

**IT IS ORDERED GRANTING** Defendant's Motion for Summary Judgment (doc. # 18).

**FURTHER ORDERED DENYING** Plaintiff's Motion to Supplement the Record (doc. # 41).