**APPLE COMPUTER, INC., Plaintiff,**

v.

**ARTICULATE SYSTEMS, INC., Defendant.**

No. C–96–20421–JW.

United States District Court, N.D. California.

July 18, 1997.

James H.A. Pooley, Howard Pollack, Fish & Richardson, P.C., Menlo Park, CA, for defendants.

Chris Olsen, Edwin Wheeler, Menlo Park, CA, for plaintiff.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT THAT POWERSECRETARY DOES NOT INFRINGE PATENTS–IN–SUIT

WARE, District Judge.

Defendants Articulate Systems, Inc. and Dragon Systems, Inc.'s ("Defendants") motion for partial summary judgment that PowerSecretary does not infringe United States Patent Nos. Re. 32,632 (the '632 patent) was heard by the Court on July 14, 1997. James Pooley and Howard Pollack appeared on behalf of the Defendants and Chris Olsen and Edwin Wheeler appeared on behalf of Plaintiff Apple Computer, Inc. ("Apple"). Based on all papers filed to date, as well as on the oral argument of counsel, the Court grants

Defendants' motion for partial summary judgment based on non-infringement of the '632 patent.

## I. BACKGROUND

This patent infringement action was filed by Apple on May 28, 1996 and alleges that Defendants' PowerSecretary software product and PowerSecretary software infringes Apple's United States Patent Nos. Re. 32,632 (the '632 patent); 4,704,703 (the '703 patent); 5,469,540 (the '540 patent); and, 5,386,783 (the '783 patent). The accused products in this case, Articulate's PowerSecretary, allows a user to control certain operations of the computer by speaking into a microphone. There are two versions of PowerSecretary, PowerSecretary Macintosh and PowerSecretary Windows. PowerSecretary Macintosh was specifically designed for use on the Apple Macintosh computer. PowerSecretary Windows was specifically designed for use on IBM-type computers using a Microsoft windows operating system. In September of 1996, Defendant Dragon Systems, Inc. acquired Articulate's PowerSecretary line. Apple, therefore, added Dragon as a Defendant to this lawsuit.

Apple contends that the four patents-at-issue in this action do not primarily involve voice recognition, but are directed to functions used by a window-styling method. Apple alleges that the PowerSecretary infringes these patents because it enables a user to perform all of the same functions which are claimed by Apple's patents.

In a prior motion for summary adjudication by Defendants', the Court found that Apple's license to Articulate operates as a complete defense to Apple's charge that Defendants' PowerSecretary Macintosh products infringe any of the four patents-in-suit. Accordingly, the PowerSecretary Macintosh products are no longer part of this action.

In addition, Apple previously acknowledged that Defendants' PowerSecretary for Windows does not appear to practice the claims of U.S. Patent No. 4, 931,783 ("the '783 patent") and the Court granted summary adjudication as to the claim that the PowerSecretary for Windows does not infringe the '783 patent.

In this motion, Apple now acknowledges that the PowerSecretary for Windows does not practice the claims of the '703 patent. Therefore, the Court enters summary adjudication with respect to Apple's claim of infringement as to the '703 patent.

Defendants have not moved for summary adjudication with respect to the non-infringement of the '540 patent. Therefore, Defendants' present motion is directed solely to the issue of whether PowerSecretary for Windows infringes the '632 patent by Defendants' inducement to users of the product to use PowerSecretary in an infringing manner.

## II. LEGAL STANDARDS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett,* 477 U.S. 317, 323–324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* 477 U.S. at 323. If he meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of his case with respect to which he bears the burden of proof at trial. *Id.* at 322–23.

The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties. To preclude the entry of summary judgment, the non-moving party must bring forth material

facts, i.e., "facts that might affect the outcome of the suit under the governing law ... Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The court must draw all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight to be accorded particular evidence. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 111 S.Ct. 2419, 2434–35, 115 L.Ed.2d 447 (1991) (citing *Anderson*, 477 U.S. at 255); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626, 630 (9th Cir.1987). It is the court's responsibility "to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Service*, 809 F.2d at 631. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

██ Summary judgment of noninfringement is appropriate where the patent claims do not read on the accused product to establish literal infringement and the prosecution history precludes infringement under the Doctrine of Equivalents. *Townsend Engineering Co. v. HiTec Co.*, 829 F.2d 1086, 1089 (Fed.Cir.1987); *Chemical Engineering Corp. v. Essef Industries, Inc.*, 795 F.2d 1565, 1571–73 (Fed.Cir.1986).

### III. DISCUSSION

Apple asserts that independent claims 9 and 11 of the '632 patent are infringed by Defendants' PowerSecretary. Claim 9 relates to a computer controlled display system having a plurality of command options displayed along a menu bar and subcommand items corresponding to each option that is displayed once such option has been selected. Claim 9 requires the use of a menu bar with a variety of options and the use of the "dragging" method to select a menu item. Claim 11 relates to a method for selecting menu items and also requires the use of a menu bar with various options selected by the dragging method.

As noted above, Apple does not contest that Defendants either directly infringe the '632 patent or contribute to such infringement. Apple claims, rather, that Defendants induce infringement of the '632 patent in violation of 35 U.S.C. § 271(b). Section 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer."

██ In order to prove its claim of inducement of infringement, Apple must show: (1) direct infringement of the patent claims and (2) that the Defendants knowingly induced infringement. *Pave Tech, Inc. v. Snap Edge Corporation*, 1994 U.S.Dist. LEXIS 4034, *17 (N.D.Ill.1994). Absent direct infringement of patent claims, there can be no inducement of infringement. *Met–Coil Systems Corp. v. Korners Unlimited, Inc.*, 803 F.2d 684, 687 (Fed.Cir.1986). In addition, Apple must establish "that the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute inducement." *Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F.2d 544 (Fed.Cir.1990). The requisite intent to induce may be inferred from all of the circumstances, such as giving a direct infringer instructions on how to use a patented process or designing a product to infringe. *Oak Indus., Inc. v. Zenith Electronics Corp.*, 726 F.Supp. 1525, 1543 (N.D.Ill.1989).

██ Defendants move for summary adjudication on the issue of non-infringement of the '632 patent on the basis that Apple has failed to submit any evidence to prove either: (1) an act of direct infringement or (2) Defendants' specific intent to encourage another's infringement. Defendants assert that Apple

is merely speculating that some customer somewhere may be infringing Apple's '632 patent by using Defendants' PowerSecretary software in a manner in which such user pulls down a menu item and "drags" the mouse in order to select a menu option. It is Defendants' contention that there is no evidence to suggest that any user of the PowerSecretary actually "drags" the mouse in order to select a menu option.

After an exhaustive review of the evidence submitted both with respect to this motion and with respect to the previous motion for summary adjudication, the Court finds that Defendants are correct in asserting that Apple has failed to submit any evidence whatsoever to create a triable issue of fact regarding an act of direct infringement. There is not even a suggestion in any of the declarations or deposition transcripts submitted to the Court which indicates that even a single person is infringing the '632 patent.

At the hearing of this motion, when questioned by the Court about their proof of this element, Apple argued that the Court could infer that such infringement is occurring based on the deposition testimony of Mr. Gervais, Defendant Dragon's Manager. Based on Mr. Gervais' testimony that Dragon is aware that customers switch from use of the Apple MacIntosh to the Windows platform, Apple requests that the Court infer that such users would infringe the '632 patent by "dragging" the mouse and using the pull-down menus in an infringing manner. Apple also acknowledges that actual proof of this inference is required and notifies the Court that it is "in the process of attempting to gather such evidence".

Based on this submission by Apple, the Court finds that there is no proof of any direct infringement by any users of the PowerSecretary. The testimony by Mr. Gervais in no way supports such a tortured inference, nor has Apple made or attempted to make a proper Rule 56(f) motion for additional time with respect to this issue.

In addition, with respect to the requisite element of specific intent, Apple contends that a triable issue of fact exists regarding Defendants' instructions to its customers to practice the PowerSecretary in a non-infringing manner. Apple contends that Defendants' User's Guides are, at best, unclear and may be construed to describe an infringing operation of the mouse with respect to certain features of the PowerSecretary such as the Vocabulary Manager.

Defendants respond to this argument by pointing out that the 1996 version of the User's Guide, the only version which is relevant to the alleged infringement herein, does not contain the language which Apple contends is vague and instructs a user to use the PowerSecretary in a potentially infringing manner. Defendants also argue that the User's Guide neither discloses nor teaches the claimed method and was designed to teach users how to operate the PowerSecretary by voice, or by the non-infringing "two-click" method standard in the Windows platform.

Apple relies on two cases which it contends held that, even if a defendant has a subjective belief that its product is not infringing, such defendant may be held liable for inducement to infringe where it is shown that the defendant should have known that its product would lead to infringement. The cases cited by Apple for this proposition are *Marsh–McBirney Inc. v. Jennings,* 22 U.S.P.Q.2d (BNA) 1621, 1624 (C.D.Cal.1991) and *C.R. Bard, Inc. v. Advanced Cardiovascular Sys.,* 911 F.2d 670, 675 (Fed.Cir.1990).

In *Marsh,* the court held that the evidence presented warranted the entry of summary judgment in favor of plaintiff on the basis that defendant should have known that his actions would lead to infringement of the patent. As was clear in *Marsh,* however, defendant knew of plaintiff's patent and specifically attempted to design around it.

In *Bard,* the Federal Circuit overturned the district court's order granting summary judgment as to plaintiff's claims of contributory and induced infringement. The appellate court held that there were triable issues of fact as to whether Defendant had contributed to or induced infringement of the patent at issue. The *Bard* court did not discuss the specific intent element at issue herein, other than to note that the issue of whether defendant's product has any use except through practice of the patented method was the crucial issue in the case and was disputed.

Accordingly, the Court does not find that either of these cases assist Apple in this action to prove that the Defendants may be found liable for inducement to infringe the '632 patent even if they subjectively believed their actions were not leading to infringement, since there is no evidence before the Court that the Defendants should have known that their product would lead to infringement. In fact, until February 20, 1996, Defendants had no knowledge of the '632 patent.[1] Therefore, the Court finds that there is no evidence to support Apple's claim that Defendants' induced users to operate the PowerSecretary in a manner to infringe the '632 patent.

## IV. CONCLUSION

For the reasons set forth herein, the Court grants Defendants' motion for summary adjudication and finds that Defendants' Power-Secretary Windows product does not infringe U.S. Patent No. Re. 32, 632. Based on this Order and the Court's previous Order granting Defendants' motion for summary adjudication, the only issue remaining for trial in this case in the issue of whether the Defendants' PowerSecretary Windows product infringes the '540 patent.

---

1. Defendants also move for summary adjudication on the issue that no infringement of the '632 patent or the '540 patent can be found for acts occurring before Defendants' notice of such patents. Defendants received notice of both patents on February 20, 1996, as conceded by Defendants at the hearing on July 14, 1997, Apple does not oppose this portion of Defendants' motion. Therefore, the Court grants Defendants' motion for summary adjudication that no infringement can be found for Defendants' acts occurring prior to February 20, 1996 with respect to the '540 patent.