NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOGGYPHONE LLC,**
*Plaintiff-Appellant*

**v.**

**TOMOFUN LLC,**
*Defendant-Appellee*

---

2023-1791

---

Appeal from the United States District Court for the Western District of Washington in No. 2:19-cv-01901-BJR, Senior Judge Barbara Jacobs Rothstein.

---

Decided: November 21, 2024

---

DAVID ALLEN LOWE, Lowe Graham Jones PLLC, Seattle, WA, argued for plaintiff-appellant.

JONATHAN GIROUX, Greenberg Traurig P.A., Chicago, IL, argued for defendant-appellee. Also represented by JAMES J. LUKAS, JR.; ERIK BOKAR, Orlando, FL.

---

Before TARANTO, HUGHES, and CUNNINGHAM, *Circuit Judges*.

HUGHES, *Circuit Judge.*

DoggyPhone LLC appeals the U.S. District Court for the Western District of Washington's grant of Tomofun LLC's non-infringement summary judgment motion. Because we agree there is no genuine dispute of material fact, we affirm.

I

DoggyPhone owns U.S. Patent No. 9,723,813, which provides a system for facilitating remote human-pet communication, referred to as an "Internet Canine Communication System." '813 patent, Abstract. Some embodiments of the system contemplated in the patent involve a device "that is configured to deliver treats to a dog and to transmit audio/visual communication between the dog and a remote client device operated by a human user." *Id.* at 2:19–21.

The relevant portion of claim 7, the only asserted claim of the '813 patent, recites:

> 7. A system for communicating with a pet . . .
>
> wherein the system: . . .
>
> transmits to the remote client device at least one of live audio or video of the pet, wherein the system begins transmission to the remote client device of at least one of the audio or video of the pet in response to input from the pet.

*Id.* at 12:15–39.

A

Tomofun LLC manufactures and sells the "Furbo," which is an interactive pet camera device. The Furbo "'enables a user to remotely see their pet, talk to their pet, and toss treats to their pet,' via an app on the user's mobile device." *DoggyPhone LLC v. Tomofun, LLC*, 658 F. Supp. 3d 976, 980 (W.D. Wash. 2023) (quoting Tomofun's Motion

for Summary Judgment, Case No. 2:19-cv-01901-BJR, ECF No. 54 at 5); J.A. 21. The Furbo operates in two modes: a standard mode and a cloud recording mode (also called Dog Nanny mode). In standard mode, if the Furbo detects pet activity (like barking), it sends a text notification to the Furbo user's phone. The user can select the notification and see the current video and audio feed of the pet. In the cloud recording mode, if the Furbo detects pet activity, it transmits live video to the cloud for recording and sends a text notification to the user. The user can select the notification and see the recorded video.

## B

In 2019, DoggyPhone sued Tomofun in the Western District of Washington, alleging that Tomofun's Furbo device infringes claim 7 of the '813 patent. *DoggyPhone LLC v. Tomofun, LLC*, No. 19-cv-1901, 2019 WL 6307652 (W.D. Wash. Nov. 22, 2019), ECF No. 1. After claim construction, both parties filed cross-motions for summary judgment. The district court granted Tomofun's motion for summary judgment and held that the Furbo does not infringe the '813 patent as a matter of law. J.A. 38.

DoggyPhone appeals the district court's grant of summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II

We review a district court's summary judgment decision under the law of the applicable regional circuit. *Lexion Med., LLC v. Northgate Techs., Inc.*, 641 F.3d 1352, 1358 (Fed. Cir. 2011). The Ninth Circuit reviews the grant of a motion for summary judgment de novo. *Humane Soc'y of the U.S. v. Locke*, 626 F.3d 1040, 1047 (9th Cir. 2010). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" after drawing all justifiable inferences in the nonmovant's favor. Fed. R. Civ.

P. 56(a); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986).

## III

An infringement analysis has two steps: first, the claim is construed to "determine its scope and meaning," and second, the properly construed claim "must be compared to the accused device or process." *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993). "A claim covers an accused device if the device embodies every limitation of the claim[.]" *Id.* A grant of summary judgment of noninfringement will be upheld when there is no literal infringement or infringement under the doctrine of equivalents.[1] *Townsend Eng'g Co. v. HiTec Co.*, 829 F.2d 1086, 1089 (Fed. Cir. 1987).

Although the district court predicated its conclusion of noninfringment on three independent bases, we need only address one: the Furbo does not meet the limitation "begins transmission to the remote client device of live audio or video of the pet in response to input from the pet." At the claim construction stage, DoggyPhone argued for a plain and ordinary meaning construction of the claim language "transmits to the remote client device at least one of live audio or video of the pet, wherein the system begins transmission to the remote client device of at least one of the audio or video of the pet in response to input from the pet." J.A. 157. The district court agreed with DoggyPhone

---

[1]    Though neither party addressed whether the Furbo device infringed under the doctrine of equivalents in their motions for summary judgment, the district court concluded that the accused device also did not infringe under the doctrine of equivalents. DoggyPhone does not make any arguments on appeal that the Furbo infringes under the doctrine of equivalents. Accordingly, we only address contentions relating to literal infringement.

and held the claim language should be construed according to its plain and ordinary meaning. J.A. 15–18.

In its motion for summary judgment, DoggyPhone argued that the Furbo met the "begins transmission to the remote client device of live audio or video of the pet in response to input from the pet" limitation through the operation of both the standard mode and the Dog Nanny mode. Regarding standard mode operation, the district court concluded that the Furbo did not infringe because the pet's activity triggers a notification to the user's mobile device, and transmission of live audio or video does not begin until the user clicks on the notification; if the user does not respond to the notification, transmission never occurs. J.A. 36–37. With respect to Dog Nanny mode, the district court credited unrefuted evidence that live video is transmitted to the cloud, but that recorded video from the cloud is what is transmitted to the user's device. The district court then concluded that "no reasonable jury could find that the Furbo . . . infringes this limitation of the '813 patent, and that Tomofun is therefore entitled to summary judgment of non-infringement." J.A. 38.

On appeal, DoggyPhone argues that the Furbo meets the "begins transmission . . . in response to input from the pet" limitation because the pet's activity sets off a causal chain that results in transmission of live audio or video; that is, the pet's input is a but-for cause of the transmission. DoggyPhone also argues that the plain and ordinary meaning of the limitation does not require direct causal connection without intervening operations or user inputs.

We agree with the district court that DoggyPhone's argument falls short of creating a genuine dispute of material fact. The claim language requires the system to *begin* transmission in response to input from a pet, not *begin a process* of transmission. It is undisputed that, when the Furbo operates, the input from the pet transmits a

notification to the user's phone, but an intervening step by the user is required to instigate the actual transmission of live video or audio. Transmission of live video or audio does not occur until the user clicks on the notification—if the user never selects the notification, then transmission of live video or audio never occurs. The notification itself does not contain live audio or video. Tomofun's expert, in unrebutted testimony, opined that transmission is responsive to the user clicking on the notification. J.A. 1375. Thus, when the Furbo system operates, transmission begins not in response to the pet's activity, but in response to the user's decision to click on the notification—making transmission responsive to the *user's* input, not the pet's. J.A. 36.

Further, DoggyPhone's proposed meaning requires us to understand "begins . . . in response to" as merely identifying steps on a causal chain. Appellant's Br. 33 ("[T]here is no requirement that the causation need to be direct and without any intervening operations or user inputs."). But it is not sufficient that the pet's activity sets off a causal chain that may or may not result in transmission of live video or audio. The claim language requires that the pet's activity *begins* transmission, not that the pet's activity simply *causes* transmission. We agree with the district court that "[l]ogically speaking, if transmission begins when (and if) the user clicks on the notification, it has up to that point not yet begun, despite the fact that input from the pet has already been received." J.A. 37. Here, under the plain and ordinary meaning of the claim language, there is no genuine dispute of material fact whether Tomofun's Furbo infringes, because no live audio or video begins transmission in response to input from a pet—transmission begins in response to an intervening user action. Accordingly, we affirm the district court's grant of summary judgment to Tomofun on this ground.

## IV

The district court granted summary judgment on three independent bases, so we need only affirm one to uphold the grant of summary judgment. *See Acceleration Bay LLC v. 2K Sports, Inc.*, 15 F.4th 1069, 1076 (Fed. Cir. 2021) (discussing that when there are independent grounds for noninfringement, anything less than reversal of all grounds leaves the district court's grant of summary judgment of non-infringement intact). Therefore, we need not reach the other two independent bases for the district court's grant of summary judgment in Tomofun's favor, namely (1) that the Furbo does not include structure that "dispenses via the food dispenser at least one treat from the treat bin" that is identical or equivalent to structure disclosed in the asserted claim, and (2) that the Furbo does not include a "delivery module" that, "in response to a received treat delivery command," "receives input from the pet." J.A. 26, 29.

Because we agree with the district court that the Furbo does not begin transmission of live audio or video in response to input from a pet, we affirm the district court's grant of summary judgment of noninfringement to Tomofun.

**AFFIRMED**