**PARADIGM SALES, INC., Plaintiff,**

v.

**WEBER MARKING SYSTEMS, INC., Defendant.**

**No. S93–CV–202RM.**

United States District Court,
N.D. Indiana,
South Bend Division.

July 27, 1994.

**1238**

Paul B. Hunt, David R. Melton, Barnes and Thornburg, South Bend, IN, for plaintiff.

James H. Pankow, Jones Obenchain Ford Pankow and Lewis, South Bend, IN, Robert E. Wagner, Daniel N. Christus, James J. Jagoda, Wallenstein Wagner and Hattis, Ltd., Chicago, IL, for defendant.

James A. Masters, Nemeth Masters and Leone, South Bend, IN, for Wayne Tool and Die, Inc.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause is before the court on the motions of defendant Weber Marking Systems, Inc. ("Weber") for partial summary judgment on the issue of literal noninfringement, for oral argument, to amend its reply brief in support of its motion for partial summary judgment, and to strike portions of the plaintiff's reply brief. Also before the court is the motion for partial summary judgment of plaintiff Paradigm Sales, Inc. ("Paradigm"). Because the parties' thorough memoranda sufficiently aid the court, oral argument is unnecessary. For the reasons that follow, the court grants the defendant's motion for partial summary judgment and motion to amend its reply brief, and denies the defendant's motion to strike portions of the plaintiff's reply brief and the plaintiff's motion for partial summary judgment.

Before addressing the merits of the parties' cross-motions for partial summary judgment, the court must address some preliminary matters. First, the court grants Weber's motion to amend its reply brief so that the brief refers to District Rule 56.1 instead of its predecessor, District Rule 11. Second, the court denies Weber's motion to strike matters from Paradigm's reply brief. Third, Weber contends that Paradigm cannot rely solely on the '896 patent and the detailed illustrations of the Weber staple gun to withstand a motion for summary judgment; instead, Weber argues that Paradigm must present some additional evidence such as an affidavit from an expert witness. The court disagrees. The court recalls no valid objections to the staple gun's illustrations or the '896 patent. Although the documents speak for themselves, Paradigm is free to support, or oppose, a motion for partial summary judgment based upon those documents. *See Conroy v. Reebok International, Ltd.,* 14 F.3d 1570, 1578 (Fed.Cir.1994).

The court presumes familiarity with the facts and prior rulings in this case. Weber contends that its staple gun does not literally infringe any of the claims of U.S. Patent No. 5,014,896 (the "'896 patent"), a patent in which Paradigm has acquired all rights, title, and interest. Weber contends that the undisputed facts demonstrate that the Weber Staple gun does not contain the following five limitations in Claim 1 of the '896 patent: [1] (1)

---

1. Claim 1 of the '896 patent describes:

A stapler comprising a staple gun means for driving a staple into an aligned label to affix said label to said support surface, a continuous sequence of labels positioned adjacent to said staple gun means, advancing means for selectively urging a single label of said continuous sequence of labels into alignment with said staple gun means wherein the single label is affixed to said support surface, and cutting means shiftably carried by said advancing means for severing said single label from said continuous sequence of labels after said staple has been driven into said label by said staple gun means, said staple gun means including a staple exit, said advancing means including a housing, said housing defining a channel constituting means for guiding said continuous sequence of labels into alignment with said staple exit, an elongated slot defined in said housing in communication with said guiding means, and means for engaging said continuous sequence of labels shiftably carried within said elongated slot, said engaging means including a body slidably accommodated within said housing

a cutting means that is identical to, or the structural equivalent of, the cutting means of the '896 patent; (2) a housing defining a channel for guiding labels; (3) a sliding body; (4) a "slot" having longitudinal extremities; and (5) a sliding body that goes to the longitudinal extremities of the slot.

With the exception of the limitation involving the cutting means, Paradigm agrees that there are no disputed material facts. Paradigm, however, contends that it is entitled to summary judgment on the issue of literal infringement with respect to all of the limitations set forth above, except the cutting means. Paradigm contends that the court's previous ruling—which held that a question of fact exists as to whether the cutting means of the Weber staple gun literally infringes Claim 1 of the '896 patent—precludes summary judgment on that issue.

A party seeking summary judgment must demonstrate that no genuine issue of fact exists for trial and that the movant is entitled to judgment as a matter of law. If that showing is made and the motion's opponent would bear the burden at trial on the matter that forms the basis of the motion, the opponent must come forth with evidence to show what facts are in actual dispute. A genuine factual issue exists only when there is sufficient evidence for a jury to return a verdict for the motion's opponent. Summary judgment should be granted if no reasonable jury could return a verdict for the motion's opponent.

The parties cannot rest on mere allegations in the pleadings, or upon conclusory allegations in affidavits. The court must construe the facts as favorably to the non-moving party as the record will permit, and draw any permissible inferences from the materials before it in favor of the non-moving party, as long as the inferences are reasonable. The non-moving party must show that the disputed fact is material, or outcome-determinative, under applicable law.

*Conery v. Bath Associates,* 803 F.Supp. 1388, 1392–93 (N.D.Ind.1992) (citations omitted).

■ Although infringement is a question of fact, summary judgment remains appropriate in a patent case where no genuine issue of material fact is present and the movant is entitled to judgment as a matter of law. *Townsend Engineering Co. v. Hitec Co., Ltd.,* 829 F.2d 1086, 1089 (Fed.Cir.1987); *Union Carbide Corp. v. American Can Co.,* 724 F.2d 1567, 1571 (Fed.Cir.1984). Summary judgment on the issue of infringement, however, must be approached with great care. *Palumbo v. Don–Joy Co.,* 762 F.2d 969, 974 (Fed.Cir.1985); *Rudkin–Wiley Corp. v. Pulse, Inc.,* 15 U.S.P.Q.2d 1395, 1396, 1990 WL132572 (N.D.Ind.1990).

■ Patent infringement analysis requires a two-step inquiry: a threshold question of claim interpretation followed by a determination of whether the properly interpreted claim encompasses the accused structure. *Texas Instruments, Inc. v. United States Int'l Trade Comm'n,* 988 F.2d 1165, 1171 (Fed.Cir.1993); *Hybritech, Inc. v. Abbott Laboratories,* 849 F.2d 1446, 1455 (Fed. Cir.1988). The first inquiry is a question of law for the court; the second is a question of fact. *Minnesota Mining and Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.,* 976 F.2d 1559, 1570 (Fed.Cir.1992); *C.R. Bard, Inc. v. Advanced Cardiovascular Sys.,* 911 F.2d 670, 673 (Fed.Cir.1990).

■ Claim interpretation involves a review of the claim's language, the specifications, the prosecution history, and, if necessary, extrinsic evidence. *Texas Instruments v. United States Int'l Trade Comm'n,* 988 F.2d at 1171; *SRI Int'l v. Matsushita Elec. Corp. of America,* 775 F.2d 1107, 1118 (Fed. Cir.1985) (en banc). The court cannot read into a claim a limitation that appears in the specification, but not in the claim. *Minnesota Mining and Mfg. Co. v. Johnson & Johnson Orthopaedics,* 976 F.2d at 1566; *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.,* 849 F.2d 1430, 1433 (Fed.Cir.), *cert.*

---

elongated slot, said body being shiftable between first and second positions, said first and second positions being defined by longitudinal extremities of said slot, an insert shiftably carried by said body to engage said continuous sequence of labels as said body shifts from its first position to its second position, said insert being shifted away from said strip of labels when said body shifts from its second position to its first position.

*denied,* 488 U.S. 986, 109 S.Ct. 542, 102 L.Ed.2d 572 (1988); *see also Sjolund v. Musland,* 847 F.2d 1573, 1582 (Fed.Cir.1988) ("the general principle is that limitations from the specification are not to be read into the claims"). Thus, references to a preferred embodiment, such as those in the specifications or drawings, are not claim limitations. *Laitram Corp. v. Cambridge Wire Cloth Co.,* 863 F.2d 855, 865 (Fed.Cir.1988), *cert. denied,* 490 U.S. 1068, 109 S.Ct. 2069, 104 L.Ed.2d 634 (1989); *Raytheon Co. v. Roper Corp.,* 724 F.2d 951, 957 (Fed.Cir.1983), *cert. denied,* 469 U.S. 835, 105 S.Ct. 127, 83 L.Ed.2d 69 (1984); *Transco Products, Inc. v. Performance Contracting, Inc.,* 813 F.Supp. 613, 617 (N.D.Ill.1993). The claim, not the specification, measures the invention. *SRI Int'l v. Matsushita Elec. Corp. of America,* 775 F.2d at 1121; *Environmental Designs v. Union Oil Co. of Cal.,* 713 F.2d 693, 699 (Fed.Cir.1983), *cert. denied,* 464 U.S. 1043, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984).

 Words of the claim should be given their ordinary and accustomed meaning, unless it appears that the inventor used them differently. *ZMI Corp. v. Cardiac Resuscitator Corp.,* 844 F.2d 1576, 1579 (Fed.Cir. 1988); *Environtech Corp. v. Al George, Inc.,* 730 F.2d 753, 759 (Fed.Cir.1984). Disagreement over a term's meaning does not necessarily create a genuine fact issue. *Intellicall, Inc. v. Phonometrics, Inc.,* 952 F.2d 1384, 1387 (Fed.Cir.1992); *Becton Dickinson and Co. v. C.R. Bard, Inc.,* 922 F.2d 792, 797 (Fed.Cir.1990). Proper claim interpretation is vital because improper claim interpretation can distort the entire infringement analysis. *Key Mfg. Group, Inc. v. Microdot, Inc.,* 925 F.2d 1444, 1448 (Fed.Cir.1991). Courts must neither narrow nor broaden the scope of a claim to give the patentee something different than what he has set forth. *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.,* 849 F.2d at 1433.

 Literal infringement exists only if each and every element of Claim 1 is embodied in the accused device exactly. *Johnston v. IVAC Corp.,* 885 F.2d 1574, 1577 (Fed.Cir. 1989); *Mannesman Demag Corp. v. Engineered Metal Products Co., Inc.,* 793 F.2d 1279, 1283 (Fed.Cir.1986). All elements of the claim are material and essential, and must be considered, to determine whether a patent has been literally infringed. *Perkin-Elmer Corp. v. Westinghouse Elec. Corp.,* 822 F.2d 1528, 1533 (Fed.Cir.1987).

### A.

Weber contends that the Weber staple gun's cutting means is not identical to, nor the structural equivalent of, the cutting means of the '896 patent. The court previously held that "[b]ecause there remains a question of fact as to whether the cutting means of Weber's staple gun has the equivalent structure of the cutting means on Paradigm's staple gun, summary judgment is inappropriate." March 29, 1994 Memorandum and Order, p. 10. For the reasons stated in the March 29 memorandum, summary judgment remains inappropriate.

### B.

 Weber contends that its staple gun does not have a "housing defining a channel ... for guiding said continuous sequence of labels."

Paradigm's device includes a groove cut into the housing's outer wall which corresponds to the channel for guiding the labels as described in Claim 1. The device also has a plate with a flat surface which attaches to the outer wall and defines the channel. Weber's device does not have a channel or groove cut into the outer wall; rather, its outer wall is flat. However, the Weber staple gun has a separate plate with a groove or channel which is attachable to the flat outer wall. Presumably, the groove or channel must be attached to the housing for Weber's device to function properly. *See* Pltf's Exh. C. Citing language in the specification, *see* column 4, lines 33–37, Weber maintains that the channel must be cut into or formed into the housing to literally infringe upon Claim 1. Weber argues that because Paradigm's device's housing has a channel cut into it, and Weber's channel or groove is a separate plate which must be attached to its staple gun, literal infringement is not possible. The court disagrees.

Weber attempts to read into Claim 1 a limitation appearing in the specification, but not in the claim. Claim 1 simply provides that there is a "housing defining a channel . . . for guiding said continuous sequence of labels." The term "housing" is defined as "a frame, bracket, or box for holding or protecting a mechanical part." *See Webster's II New Riverside University Dictionary* 595 (1984); *The American Heritage Dictionary of the English Language* 638 (1969). The term "define" means "to delineate the outline or form of." *See Webster's II New Riverside University Dictionary* 356 (1984); *The American Heritage Dictionary of the English Language* 346 (1969). Thus, Claim 1 merely describes a frame or box that outlines or forms a channel for guiding a continuous sequence of labels. Nowhere does Claim 1 state that the housing must be a single, molded unit with a groove cut into or formed in the outer wall. Weber's device contains a housing that defines a channel for guiding labels under the language of Claim 1.

Accordingly, the court finds that the Weber staple gun literally infringes upon that part of Claim 1 of the '896 patent which describes a "housing defining a channel constituting means for guiding said continuous sequence of labels."

### C.

■■ Weber contends that its staple gun does not have a "body slidably accommodated within said housing elongated slot."

Paradigm's device includes a T-shaped body with flanges that moves vertically within the elongated slot; Weber's body has a different shape, which pivots in a semi-circle around a stationary point. Weber argues that its device "does not include a sliding body" because the body in Paradigm's device slides vertically within, and is constrained by, the elongated slot, while Weber's staple gun's body is a rotary indexing pivot arm which moves in an arc. Moreover, Weber claims that the body in the Paradigm device needs the elongated slot for guidance, while the body in the Weber staple gun moves in an arcuate path around a stationary point and could function without the need for an elongated slot. The court is mindful that it must

not read into the claim limitations found in the specifications and drawings; nevertheless, the court does not find that the indexing pivot arm of the Weber staple gun is "slidably accommodated within said housing elongated slot." The movement of the Weber indexing pivot arm is not a sliding motion within the elongated slot, but a free-flowing circular motion for which the elongated slot is not a necessary accommodation.

Accordingly, because each and every element of Claim 1 is not embodied in the accused device exactly, the Weber staple gun does not literally infringe the '896 patent.

### D.

■■ Weber contends that slot on its staple gun does not have "longitudinal extremities". Weber contends that the word "longitudinal", as described in the specification and illustrated in the drawings, means linear, straight, or vertical. Weber claims that the slot on its staple gun is "arcuate or curved" and, therefore, not identical to the linear or vertical slot in the '896 patent.

Elongated is defined as "extended"; "lengthened"; or "slender". *See Webster's II New Riverside University Dictionary* 425 (1984); *The American Heritage Dictionary of the English Language* 424 (1969). Longitudinal is defined as "[o]f or relating to length", and "running or placed lengthwise". *See Webster's II New Riverside University Dictionary* 703 (1984); *The American Heritage Dictionary of the English Language* 769 (1969). Neither definition compels that an elongated or longitudinal object also be linear, vertical, or straight, as opposed to arcuate or curved, nor is any such requirement derived from the manner in which the word "longitudinal" is used in the '896 patent.

Accordingly, the court finds that the Weber staple gun literally infringes upon that part of Claim 1 which describes an elongated slot with longitudinal extremities.

### E.

■■ Weber contends that even if the court determines that its staple gun includes a slidable body, its body is not "shiftable between first and second positions, said first

and second positions being defined by longitudinal extremities of said slot." "Extremity" is defined as the "outermost or farthest point or portion." *See Webster's II New Riverside University Dictionary* 458 (1984); *The American Heritage Dictionary of the English Language* 466 (1969).

Weber maintains that its body is designed to stop prior to the upper extremity. According to Weber, when the body of its staple gun is in the upper position, the body still can be manually moved a certain distance before it contacts the anti-backup pawl, and a slightly further distance before it hits the extremity. Paradigm contends that the first and second positions are merely "defined" by the extremities, and that the body need not actually touch the extremities when shifting from the first to the second position. Paradigm asserts that Claim 1 simply dictates that the body cannot travel beyond the extremities. The court disagrees.

> Claim 1 provides that the body be: shiftable between first and second positions, said first and second positions being defined by longitudinal extremities of said slot, an insert shiftably carried by said body to engage said continuous sequence of labels as said body shifts from its first position to its second position, said insert being shifted away from said strip of labels when said body shifts from its second position to its first position.

The context in which the phrases "first position" and "second position" are used indicates that Claim 1 of the '896 patent envisioned a body which moved solely between two positions, with those positions being the outermost or furthest points of the elongated slot. The body of the Weber staple gun does not touch the extremities on the elongated slot while in both positions; accordingly, the Weber staple gun does not literally infringe the '896 patent.

*Conclusion*

Because each and every element of Claim 1 is not embodied in the accused device, the Weber staple gun does not literally infringe the '896 patent. Accordingly, the court:

(1) GRANTS the defendant's motion for partial summary judgment on the issue of literal noninfringement (filed May 26, 1994 (# 61));

(2) DENIES the defendant's motion for oral argument (filed May 26, 1994 (# 66));

(3) GRANTS the defendant's motion to amend its reply brief in support of its motion for partial summary judgment (filed July 13, 1994 (# 81));

(4) DENIES the defendant's motion to strike portions of the plaintiff's reply brief (filed July 11, 1994 (# 79)); and

(5) DENIES the plaintiff's motion for partial summary judgment (filed June 10, 1994 (# 70)).

SO ORDERED.